| | |
|---|---|
| COLLINS CHARO CAPITAL, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOSEPH ROBINETTE BIDEN, et al.,<br><br>                    Defendants. | Case No.  1:24-cv-01313-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, FOR LACK OF SUBJECT-MATTER JURISDICTION, BEING DUPLICATIVE OF AN EARLIER FILED LAWSUIT, AND LACK OF COUNSEL<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

### I.  INTRODUCTION

Plaintiff Collins Charo Capital, LLC proceeds *pro se* in this civil case.[1] (ECF No. 1). Generally, Plaintiff alleges that government officials, including President Joseph Biden, have violated the Lanham Act.

Because the complaint is absolutely meritless, the Court lacks subject-matter jurisdiction and the undersigned will recommend that the complaint be dismissed with prejudice and without leave to amend. Additionally, dismissal is warranted because this case is duplicative of an earlier filed lawsuit and because Plaintiff is not represented by an attorney.

\\\

---

[1] Plaintiff paid the filing fee in this case and is not proceeding *in forma pauperis*.

## II. PENDING CASES

Plaintiff has two pending cases that are relevant here.[2] Plaintiff filed its first case, 1:24-cv-1309-JLT-EPG, using the name Marvin Charo Collins (Plaintiff Collins) as the plaintiff on October 25, 2024, suing (1) President Biden; (2) Phillip Talbert, United States Attorney for the Eastern District of California; (3) Brittany Gunter, Assistant United States Attorney; and (4) United States Magistrate Judge Barbara A. McAuliffe. (1:24-cv-1309-JLT-EPG, ECF No. 1).[3] Plaintiff Collins lists various federal statutes—Lanham Act provisions, criminal statutes, and a civil rights statute—as the basis for federal question jurisdiction. He seeks approximately $3 million in damages based on "crimes by government." He includes conclusory assertions against the Defendants, *e.g.*, "conspiracies to violate constitutional rights," "violation of oath," and "treason."

Plaintiff offers no developed allegations to indicate how any Defendant violated the statutes at issue. Rather, in his statement of his claims, Plaintiff states: "Precedents of law establish by court case which are in violation of law, render violation of law legally unassailable. Such a situation violations several specifically stated intents and purposes of the Constitution set forth in the Preamble."

Three days after filing 1:24-cv-1309-JLT-EPG, Plaintiff filed this materially similar case, suing the same Defendants. While the plaintiff is listed as Collins Charo Capital, LLC in this case, Plaintiff Collins signed the complaint with his name. The complaint lists the same Lanham Act provisions (albeit adding an additional provision) as the earlier filed case as the basis for federal question jurisdiction. Plaintiff seeks approximately $2 million in damages based on "infringement by government." Plaintiff provides no developed allegations as to how any Defendant violated its rights. Rather, in its statement of its claims, it states as follows:

> Via a phone call [on October 18, 2024] it was mentioned to managing director a warrant for an arrest in the name of the company's intellectual property, i.e., trademark(s) that identifies goods or services and distinguishes the company from competition.
>
> A message was pass via phone call, stating a warrant for an arrest for the name

---

[2] For readability, minor alterations, like changing capitalization and correcting misspellings, have been made to some of Plaintiff's quotations without specifying each change.

[3] The Court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

> "Marvin Collins," which is a trademark, along with "Marvin Charo Collins" from a government agency, person acting for the United States Department of the Treasury.
>
> Collins Charo Capital, LLC could and will suffer losses that would make it difficult to compensate or measure, the company would sustain false designations of origin, false description, and dilution forbidden.

(ECF No. 1, pp. 4-5).

Also, in this case, Plaintiff has filed a "notice to cease and desist" addressed to Judge McAuliffe based on her purported "unauthorized use of the trademark Marvin Charo Collins." (ECF No. 4).

In both cases, Plaintiff Collins includes "UCC 1-308" in the signature section by his name.

### III.     LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Here, Plaintiff invokes federal question jurisdiction. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Further, "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the Supreme Court has held that a court lacks jurisdiction over absolutely meritless claims:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport*

*Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550-551, 7 L.Ed.2d 512 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909).

*Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

### IV.   ANALYSIS

#### A.  Subject-Matter Jurisdiction

While it is difficult to decipher Plaintiff's claims in this case, the complaint appears to allege that Defendants have violated the Lanham Act. The key provision at issue is 15 U.S.C. § 1125(a), which provides as follows:

**(a) Civil action**

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

More specifically, Plaintiff appears to be alleging that Defendants violated this provision by using Plaintiff Collins's name in connection with an arrest warrant. However, there is no legal support for such a position. Notably, the Lanham Act requires a person's conduct to be in connection with "commerce," which is absent here.

Moreover, Plaintiff Collins's use of "UCC 1-308" by his name also illustrates the frivolousness of this action. UCC 1-308(a) provides as follows: "A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such

4

words as 'without prejudice,' 'under protest,' or the like are sufficient."

Plaintiff's intent behind citing this provision is unclear. However, similar notation has been used by persons who consider themselves to be "sovereign citizens." *See Hill v. Rivera*, No. ED CV 22-0060-JLS(E), 2022 WL 21663917, at *1 (C.D. Cal. Mar. 14, 2022) (noting plaintiff's signing complaint with reference to UCC 1-308 and self-identification as a sovereign citizen); *Joe Elton Mosley, LLC v. Walmart*, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1846553, at *2 (D. Nev. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (noting that a plaintiff's IFP application with UCC 1-308 inserted above plaintiff's name indicated "an adherence to the 'sovereign citizen' anti-government movement").

Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patro*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology). To the extent that Plaintiff attempts to assert any sovereign citizen ideology in this case, courts have uniformly rejected such arguments as completely meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

In short, Plaintiff's claims are absolutely meritless so as to deprive the Court of jurisdiction.

### B. Duplicative Lawsuit

Beyond the Court lacking subject-matter jurisdiction, there are additional reasons to dismiss this case.

Comparing the complaint in this case to Plaintiff Collins's earlier-filed complaint in 1:24-cv-1309-JLT-EPG demonstrates that this suit is duplicative. Referred to as the doctrine of claim-splitting, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*,

563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[4] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). The following transaction test is used to determine whether the causes of action are the same:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id.* "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* at 688.  The claim-splitting doctrine is a discretionary one, intended to give judges flexibility to "promote[] judicial economy." *Id.* at 692; *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not

---

[4] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need not have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *See Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (noting that determination of whether suit is duplicative assumes that the first suit was final).

counsel rigid mechanical solution of such problems.").

With these standards in mind, the Court notes that Plaintiff sues the same four Defendants in each case, claims that Defendants violated the Lanham Act (including citing mostly the same provisions), argues that Defendants violated its rights in connection with a warrant issued for the arrest of Plaintiff Collins, and seeks millions of dollars in monetary damages. In short, the claims, parties, and available relief are materially the same in both actions.

### C. Requirement for an Attorney

Lastly, although the Plaintiff in this case is listed as Collins Charo Capital, LLC, Plaintiff Collins signed the complaint and is purportedly representing the LLC, despite there being no indication that Plaintiff Collins is an attorney. However, "[i]t is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation, quotation marks, and footnote omitted); *see Zazai v. Graff Logistics LLC*, No. 2:22-CV-1729-KJM-DB (PS), 2023 WL 2815597, at *1 (E.D. Cal. Apr. 6, 2023) (concluding that an LLC could only proceed via an attorney).

Accordingly, Plaintiff cannot proceed in this case without an attorney.

## V. CONCLUSION AND RECOMMENDATIONS

Because Plaintiff's claims are devoid of merit for the reasons given above, and are duplicative of an earlier-filed case, it is clear that the complaint could not be saved by amendment; thus, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice and without leave to amend, for lack of subject-matter jurisdiction, being duplicative of an earlier filed lawsuit, and lacking an attorney.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 11, 2024**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE