UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLINS CHARO CAPITAL LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH ROBINETT BIDEN, JR., et al.,<br><br>    Defendants. | Case No.: 1:24-cv-01313 JLT EPG<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 7) |

On October 28, 2024, a complaint was filed naming Collins Charo Capital LLC as the pro se Plaintiff, alleging violations of the Lanham Act by government officials, including President Biden. (Doc. 1.) The complaint also indicates the "printed name" of the plaintiff is "Collins Charo Capital, LLC." (*Id.* at 6.) Several "Civil Cover Sheets" attached to the complaint indicate the signatory is "UCC 1-308" and a "[p]arty without attorney." (Doc. 1-1 at 1-3.) The filing fee was paid in full by Mei Nagashima.

The magistrate judge observed that another case was filed on October 25, 2024, by Marvin Charo Collins, Case No. 1:24-cv-1309-JLT-EPG, in which Collins asserts claims against (1) President Biden; (2) Phillip Talbert, United States Attorney for the Eastern District of California; (3) Brittany Gunter, Assistant United States Attorney; and (4) Magistrate Judge Barbara A. McAuliffe. (Doc. 7 at 2, citing Case No. 1:24-cv-1309-JLT-EPG, Doc. 1.) In that action, "Plaintiff Collins lists various federal statutes—Lanham Act provisions, criminal statutes, and a civil rights statute—as the basis for federal

1    question jurisdiction. He seeks approximately $3 million in damages based on 'crimes by
2    government.'" (*Id.*)  The magistrate judge observed that in the matter now pending, "[w]hile the
3    plaintiff is listed as Collins Charo Capital, LLC…, Plaintiff Collins signed the complaint with his
4    name." (*Id.*)

5    Reviewing the complaint, the magistrate judge found the allegations were insufficient to invoke
6    this Court's subject matter jurisdiction.  (Doc. 7 at 5.)  Further, the magistrate judge found: "Comparing
7    the complaint in this case to Plaintiff Collins's earlier-filed complaint in 1:24-cv-1309-JLT-EPG
8    demonstrates that this suit is duplicative." (*Id.*)  Specifically, the magistrate judge determined "the
9    claims, parties, and available relief are materially the same in both actions."  (*Id.* at 7; *see also id.* at 6-
10   7.)  Finally, the magistrate judge found the named plaintiff in this action—Collins Charo Capital,
11   LLC—could not "proceed in this case without an attorney" because "it is a longstanding rule that
12   corporations and other unincorporated associations must appear in court through an attorney." (*Id.* at 7,
13   quoting *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)
14   [modifications adopted].)  Therefore, the magistrate judge recommended the "action be dismissed, with
15   prejudice and without leave to amend, for lack of subject-matter jurisdiction, being duplicative of an
16   earlier filed lawsuit, and lacking an attorney." (*Id.*)

17   On November 22, 2024, the Court received several documents from Marvin C. Collins[1],
18   including a "Common Law Copyright Notice for Marvin C. Collins" and a copy of the Findings and
19   Recommendations with handwritten notations.  (*See generally* Doc. 8.)  To the extent the "Copyright
20   Notice" and attached documents are a response to the Findings and Recommendations, the documents
21   appear irrelevant.  The documents do not mention the named plaintiff, "Collins Charo Capital LLC,"
22   and do not address either this Court's jurisdiction or the determination that the case is duplicative of
23   Case No. 1:24-cv-1309-JLT-EPG.  Further, the documents do not address the requirement that the

---

[1] The Court takes judicial notice of the records of the California State Bar and Wyoming State Bar—because the mailing address of Collins Charo Capital LLC is in Wyoming—as the state bar websites are sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b); *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1298 n. 5 (2014) (indicating the court may take judicial notice of the state bar's website).  No individual named "Marvin Collins" is admitted to practice in the State of California or in this district court.  In addition, no individual named "Marvin Collins" is a member of the Wyoming State Bar. (Wyoming State Bar Membership Directory, available at https://www.wyomingbar.org/for-the-public/hire-a-lawyer/membership-directory/ (last visited Dec. 4, 2024).)

entity must appear in court with licensed counsel.  Significantly, the entity remains unrepresented because a notice of attorney has not been filed in this action.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the record and proper analysis support the findings that the Court lacks subject matter jurisdiction, the action is duplicative, and the entity cannot proceed without counsel.  However, based upon these finding, it appears the proper dismissal is *without prejudice*.  *See, e.g., Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"); *Price v. Gell*, 2024 WL 54588, at *2 (C.D. Cal. Jan. 4, 2024) (dismissing without prejudice an action that was "duplicative of a pending action"); *Nasser v. Julius Samann Ltd.* (S.D. Cal. June 18, 2019) (dismissing the claims raised by an unrepresented corporation without prejudice because the entity "cannot proceed pro se").  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated November 12, 2024 (Doc. 7) are **ADOPTED** in part.
2. The action is **DISMISSED** without prejudice for lack of subject matter jurisdiction, as duplicative, and for lack of counsel for the unrepresented entity.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

UNITED STATES DISTRICT JUDGE

3